let's wait just let everyone get served anytime oh okay let's move on good morning your honor um in this case the district court made two fundamental errors first it misapplied the arbitrary and capricious refugee standard it applied deference not to an academic judgment but to a billing decision to a financial decision second it treated the ands and this is an open account statement it treated the adms as dispositive and the sole contract when under louisiana law an open account statement requires a separate underlying contract it is in essence more like a line of credit than an agreement for services we ask that the court reverse the district court's judgment and remand for further proceedings here we ask the court to join the vast majority of courts who upheld all over the country in both us also the district court level that these types of college covet tuition and fee cases do state a claim and should proceed past the pleading stage let me ask you initially why didn't jones and ellis receive any refund of the fees they paid if two lanes said they sent a 40 rebate to all students did that not happen i am not certain about the 40 rebate that lane sent um what it covered and what it did not cover as we allege in the consolidated complaint uh plaintiffs to plaintiffs jones and ellis did not receive a refund for their tuition and also did not receive a refund for the fees that we are alleging right i understand the fees i'm just curious about the tuition all right well i'll ask opposing counsel when it's that turn thank you um the arbitrary and capricious standard is applied in situations where the court gives a deciding party deference where there is discretion in the terms of the contractual performance here the students are challenging an academic decision by the school they're instead challenging a billing decision they're challenging two lanes decision to continue to charge full price full tuition and fees for all day park performance when it closed on campus canceled all in-person classes and provided only some of those classes online okay what if they had said instead we're just going to keep having classes in person and y'all better come then everybody died would that have been a better thing for them to have done oh no absolutely not so this isn't just some day they decided oh well it'd be more fun to do it online we'll just do that there was a pandemic right okay how on earth is this unjust enrichment for june lane to keep this money when they're having to pay the teachers they're having to pay the i.t guys they're having to pay all kinds of things how is that unjust enrichment well um i think two points first it's important to keep in mind that the challenge here is not two lanes decision to move classes online we actually think that that was probably the right move it is instead two lanes decision to keep all of the tuition and fees that were paid for an in-person experience when that was not provided and second as far as unjust enrichment the unjust enrichment here is two lanes billing decision decision to keep all of the uh all of the fees and all of the tuition money and in louisiana for a digest enrichment claim restitution is given um not to the extent that two lane was um unfairly enriched but instead the value of what the students paid for versus what they were provided it uh it measures the students detriment not two lanes unfair enrichment but wouldn't the students have had a much greater detriment if they were made to come in person at that point at the height of it before there was any vaccination and they didn't have and that is something that the law does afford a remedy uh it's i i again i do think that truly made the right call by moving classes online the question is when they had canceled all laboratories for instance could they under the contract still charge students 100 tuition and fees for those services that they never gave as i understand it uh correct me if i'm wrong i'm just asking the question uh you point uh to the fact that uh initially uh the fees were set lower for classes that were always going to be online correct correct and um so you you reason from that that it it it cost the university less to provide online of course again i'm not putting words in your mouth i'm just asking for for your your position um that is one way to put it another way to put it is to look at the market price the market price for in-person education is higher than for online education when students paid uh the very high tuition and fees to two lane they were paying for something they were paying for in-person classes but were these classes available online before the pandemic uh the record does not state that um i do know that matter the fact that some other class might have been cheaper online does it matter to this that these classes weren't even available online and wouldn't have been cheaper online i think that that um but that goes to the question regarding determination of damages and also to the weight of the evidence uh in ghostman versus loyal allegation is because in some other bucket they charge less for online that means that it's always less and i'm asking about that right it's um i uh it it bears upon the reasonable expectation that by paying for the full tuition and fees for the full in-person tuition and fees that they were going to get full in-person education and experience uh these students could have elected to go to an online school they could have elected to register to two lanes online programs they decided not to but with the this area online that's what i'm saying i i was a little bit unclear from the question then could they have taken these courses online the same courses that they didn't get in person and is there a representation of what the cost would be and you apparently not apparently there was only one case the record excuse me right the record is not clear as to the plaintiff's specific courses whether those specific courses had um online uh uh online versions in the normal course um with one of the plaintiffs two of two of his classes were canceled altogether um they were not provided in person they also were not provided remotely they were instead provided in the self-study format that indicates to me that perhaps they were never there was not an existing online uh option for those courses so you're you're appealing the dismissal on the pleadings if if we were to agree with you i don't mean to suggest we are we won't agree with you but if we were to agree with you then i i assume that the case would go back for for factual development either to the summary judgment stage or to and with discovery or or to trial so that some of these facts could be fleshed out yes yes your honor um also another um another matter that i think is important to remember uh pandemics like covet 19 have happened in the past they may be new to us but they're not new to contract law and louisiana has very specific um uh laws regarding how to treat a contract that may become impossible to perform because of an unforeseen event like a pandemic and the the process is to return the parties as closely as possible to um uh to a position of fairness um and not give one party uh the full contract benefits for only partial performance and that's what we're seeking here um i i understand the point that this was um this was a worldwide pandemic that really affected two lanes ability to give these educational services however the solution is not to just keep all of those tuition and fees under louisiana law what is required instead is for in-person uh services that were promised versus the online services that were instead given here we have some evidence regarding how to lane charged less for online education in some situations of charge as much as four times less and that is just the beginning of our proof regarding damages it's not it's not going to be the only proof but right now at the pleading stage without the benefit of discovery what all we need to do is to be able to allege facts sufficient to make a claim for an express or an implied contract and unjust enrichment that we believe that we did so um and um here i think it's notable that uh courts throughout the country almost universally have agreed that schools though they were in a tough situation because of the pandemic they have agreed that students yes do have um but do have a potential contract claim at least one that should be able to go to discovery and to be fleshed out on the facts but louisiana law is a bit different in some instances and that's the argument here that it's not really relevant what happened in the seventh circuit it's relevant what's louisiana i think that the um the the key civil code provisions here are louisiana civil code articles 218 20 18 excuse me 1877 1878 and these are summarized at the reply brief of pages 24 and 25 in louisiana when an unanticipated event prevents the performance of a contract uh the um the the procedure is to um return back the value of what was provided versus what was promised so here it would be the value of the in-person classes and services that they paid for versus the online classes and services that they received is it irrelevant that they got the same credit it is students here paid for the entire educational experience not just for credits they paid for um the the classroom interaction so you're saying it is irrelevant it is i think that it would be a uh a much stronger case if they did not receive any credits but were still charged full tuition but just giving credits alone is not enough the the university educational system is not the one where you just pay money and receive credits in return it's also to receive the educational opportunities the networking the give and take and the dialogue and the interaction with your professors and that is what what they were missing during these during these coveted years also um two lane for the past 170 years has provided classes in person it is largely an in-person institution uh under louisiana law when a party wants to um wants to change uh it's uh its performance from what it customarily provided that change must be in writing and here there was not and here i point you to the reply brief of pages 13 and 14 the decision of kenner um louisiana louisiana cases looking at a breach contract by schools i think is it can be very elusive i mean excuse me illustrates our point perhaps even the best case is the patino case this was decided in 2016 which is after the glitchery case here the school decided to downsize its spanish program after hurricane katrina the court held that the school was still liable to pay on the teacher's employment contract even though it had downsized that program um even though your initial time has expired let's go on you save time for a bottle thank you good morning and may it please the court uh james garner from share garner for the administrators of the two-way educational fund what is the situation with whether these plaintiffs jones and ellis received refunds of either tuition or fees tuition was not refunded room board and recreational fees were refunded and remember the contract issue says fees are never refunded that's a provision in the agreement and disbursement statement now you you you've answered my question indirectly and i appreciate that so is that is that in the record or are you you're answering my question as a page for the court page 499 to 500 is the agreement and disbursement statement no i'm not i'm not asking about i do not sitting here today and i hate to do this given i teach appellate law at tulane law school i have to go find where that's in the record i can't tell you what that's what we refunded all right so that would be that would be one thing if we decided that dismissal on the pleadings was inappropriate that that's one of the one of the facts that would be established either by stipulation or or by some kind of process of adversarial testing is that right we could establish that by stipulation however i think it's irrelevant to sending it back because of the uniqueness judge haynes pointed out of louisiana law on what standard we're talking about the reason i mean the reason to send it back is we don't we don't have any any facts here except what are what are alleged and we take those uh and uh as as their as their play but they never pled it was arbitrary capricious or in bad faith going back to the 1956 louisiana supreme court case cal chauvin versus loyola university on page 36 of that decision the louisiana supreme court said the decision of loyola not to pay the salary of a professor was neither arbitrary capricious or in bad faith that case law has been borne out in mills versus tarver recently december 30th 2021 and in the gidrey case and in the other cases we cite to court to your honors particularly miller versus loyola i did with your indulgence one before i get into my argument i wanted to answer judge haynes in your question about what we do know from the pleadings and if you look at page 10 of the reply brief and the record on appeal at 7 33 as well as record on appeal where they cite in at page 30 the classes judge haynes were never online for what happened here it was a different product for those familiar with tulane university there's a school of professional advancement when i was at tulane known as university college it's open enrollment any mom and pop it's really for the moms and pops of the city uh retired servicemen uh retirees to go you don't have to have a 35 and straight on your act to get in and if you look at their brief they even plead for the school of professional advancement the online price is exactly the same as the in-person price and for the law school and you can look at the catalog their pleadings in their briefs and figure this out uh in the catalog under your collins versus morgan stanley case judge smith where you said you can look at put it at issue the law school never taught online cases classes prior to this suppose hypothetically that on march 13th or within a few days of march 13th uh tulane had said all in-person classes are canceled there will be no online classes we hereby award you uh the full credit for whatever course it is that you were taking on on march 13th would that would that pass muster under the louisiana law it would not if they if they said we're not having we're not going to deliver any product and we're just going to give you a diploma judge terry love in the fourth circuit miller versus loyola addressed that and said specifically that's the court court courts that's where the courts could go after a school when they didn't deliver the product at all it comes back and i think i heard judge haynes say it we're faced we're faced with a decision do we give help mr ellis get his diploma in may of 2020 which he received right do we help all these young kids continue to advance their educational life in the midst of a worldwide pandemic of which there was never an identifiable contractual promise i didn't get there yet but i will get there or do we do what you just suggested judge smith which is not the facts but that that they could plead was arbitrary and capricious and in bad faith tulane just couldn't stop one day and quit performing but that's not the facts the facts are tulane did perform mr ellis did get his diploma and miss jones got her educational credits i suppose instead of um let's pursue the hypothetical a little further suppose that instead of saying we're going to have online classes where you can go to your computer or your handheld device and and and see the course being taught uh we're just going to send you a bunch of uh written materials so that we're converting this to a correspondent what we used to call a correspondence of course but you still get your full course credit with that with that past semester you're getting a step close to arbitrary and capricious in bad faith and remember what in this case in this case what they pled was in its paragraphs give me one second you're getting me ahead of my outline they pled with your indulgence let me get there they pled it was warranted under the circumstances which i did comply with the laws of the state of louisiana and the in the parish of orleans and that we complied complied with health standards so i think in this case this we'll talk about hypothetical in a second but indulge me in this case they pled everything tulane did was reasonable not that reasonable as a standard was reasonable when they have to plead and remember they got two bites at the apple and pleadings there there was a first complaint for both sides and there was a consolidated complaint they saw our first motion to dismiss where we said arbitrary capricious and in bad faith which louisiana is like we tend to be on an island of its own in this jurisprudence the seventh circuit does not address that issue in gotchman dean didn't need to deal with it even when they affirmed and none of the wave of cases against us deal with the arbitrary capricious and in bad faith standard does tulane take the position that the online teaching between mid-march and the end of the semester was as valuable to the individual student as the in-person instruction would have been that's a great question because as we know going back to justice frankfurter in the moussouisi case in 1957 you and i say this with all due respect because your article 3 ruled the judges of the fifth circuit it's not the court's job to get into valuing the education i think tulane takes the position i think i know we did the best we could okay well i don't i don't really care whether you think it's our job or not i'm asking you the question does tulane take the position you heard my question i heard your question i'll answer it this way in the next of a world i'm going to repeat it so that this time you're going to answer it okay does tulane take the position that the online instruction from mid-march to the end of the semester was as valuable to the individual respective student as the in-person instruction and presence on the campus would have been yes because mr mr ellis got his diploma and that's what he came to a top 50 university so the answer is yes well then we get back to my first hypothetical which is all courses are canceled we're not doing online or correspondence courses but you get your credit you just told me that getting the getting the course credit means that the entire thing was just as valuable as as it would have been otherwise that's what you just told me when we performed when we performed in your first hypothetical tulane stopped performing you just said that you just said that this plaintiff got uh the uh the full course credit toward a toward a diploma and and your question was conditioned with all due respect on us continuing to perform in an online manner versus not performing at all which i think is a distinction with a real difference judge so you're saying he didn't just get the diploma he also got the learning yes i'm sorry you did it better than me and i'm not trying to speak for judge smith so i'll just add my corollary to it was it the same value given the circumstances that to go in person they would have a very decent chance of dying or getting very sick versus online they stayed well and learned the same thing does that matter yes yes ma'am it does and i think the answer is absolutely yes under these circumstances in a worldwide pandemic when we continue to perform to produce the ultimate product we just didn't give it away right and one of your the information that's the question correct you're learning xyz but the pandemic hit before z then the question is were they taught z yes they were taught z under reality under what happened and i think that's an important distinction judge hames thank you for pointing that out but whether we can that i'm gonna respectfully submit louisiana has been crystal clear on on on educational malpractice and the millard case in particular that courts should not be valuing the education judge and i said it with all due respect are you reading the claim here as a claim for educational malpractice yeah because we heard it today it's not the same value it's not the same thing and as i was going to quote justice frankfurter in my argument justice frankfurter in sweezy versus new hampshire 354 us 234 pointed out there's four essential academic freedoms of a university under the first amendment okay once again it's 354 us 234 1957 to determine for itself on academic grounds who may teach what may be taught the third one goes with j judge haines has been talking about how it shall be taught and who may be admitted to study this was a question of modality which remember the district court louisiana law is similar in one way to other jurisdictions you have to have an identifiable promise in an express contract or established by unequivocal circumstances to be an implied contract judge guidry gave them the benefit of he said you have that promise but louisiana goes that step further because of what justice frankfurter talks about in sweezy because of the academic freedoms because of roles of courts should not be questioning whether we should be teaching and how we should be teaching in the midst of a worldwide pandemic is it arbitrary capricious and in bad faith they pled the opposite they never pled it was and that's why this case is unique compared to the other jurisdictions let me ask you about the unjust enrichment um your opponent said that as long as they didn't get what they were hoping to get then that's unjust enrichment even if you all didn't gain anything more uh do you agree with that i do not i do not because you explain your view on that yeah first of all louisiana law is clear once there's a contract you cannot have louisiana is not like the schaefer case out of the dc circuit or even like gotchman out of the seventh circuit louisiana law once again is different here once you have a contract in dispute which is a law remedy right a remedy at law you cannot have unjust enrichment number one right so legally they can't have under louisiana law and that's 100 years old of louisiana supreme court jurisprudence secondly they didn't get impoverished they got as you pointed out and i appreciate it they got the learning they got the credits they got the degree to lane had a full faculty on board but if we so you're saying regardless though as long as there's a contract and you're not disputing that issue of unjust enrichment yes ma'am but if we did reach it somehow we concluded there wasn't a contract or arguably there wasn't then if they're saying we didn't get what we expected then that can prove injustice enrichment it doesn't matter if you all lost more money you still may have to pay them back i say no because reasonable expectations are irrelevant in louisiana because of the arbitrary capricious and bad faith standard and then what about conversion what is your response to the notion that by keeping the money when you're not giving what they wanted it's conversion well my first answer to that is always it was not arbitrary capricious and bad faith number one number two we delivered the learning correct we delivered the learning we delivered the credits we delivered the diploma and they ratified they didn't drop out no plaintiff pleads once you switch to online learning i quit to lane i quit i didn't get the benefit of the learning i didn't get the credits i didn't get anything and you kept my money nobody pleads that they ratified it and as case law we cite in our papers about ratification uh once you ratify it it can't be conversion um so uh to what extent does two lanes position depend on the existence existence of the agreement and disclosure statement and i'll it's a double question uh to the extent that you do or you don't what what do we know about whether students actually signed that agreement there's a two separate questions uh and i'll ask both of them give me two secs because i brought the documents anticipating that question judge all right the agreement disclosure statement is in the record at 499 and 500 our position it clearly applies in governance it is one you don't get a transcript you can't register you can't get a diploma unless you unless you comply with this agreement and pay the tuition and that's in the contract number one number two tuition refunds or second to last paragraph on page 499 of the record tuition refunds are expressly addressed in how you get a refund and how you get a refund is you have to drop the class timely and you have to so you've answered the first part of my question i appreciate that which is yes two lane relies on the existence of that agreement uh for its position here so the second part of the of the question is uh what what what can we know about whether the students particularly these these two students signed the agreement if you look in the record um at 552 through the two sets 555 and they look like this it's their registration to register okay and it says right here confirm to register i i didn't i don't want to get under the light for my glasses i accept academic and financial obligations for council requested in accordance with the terms and conditions of the Tulane university accounts receivable agreement in disclosure form so you can't register unless you confirm you're agreeing to it and that's once again in the record starting at 552 through 555 did i answer your question judge do you have any other argument to make not really i mean we ask you let me just sum up then please affirm we asking you to do a review to go further than the district court to conclude there was no proceed like the district court did in assuming it they never plead judge despite two cracks at it they never plead it was arbitrary capricious or in bad faith which has been Louisiana law since 1956 um as always it's an honor and privilege to be here thank you for your questions and uh thank you okay thank you Mr. Garland and Ms. Golan you've saved some time for rebuttal um thank you your honor what what do you do with uh with the assertion that you're dead in the water because you did not plead that this was arbitrary and capricious well we don't need to believe that it's arbitrary and capricious the arbitrary and capricious standard only applies to academic judgments and Tulane has already admitted that its decision to uh to charge uh full freight for its online courses that's not an academic decision that's a that's a matter of a billing decision that doesn't that is not afforded uh deference online versus in person an academic decision it could be but in this case Tulane made that decision not for any academic justification or using academic judgment but instead to comply with safety so it could have made the academic decision to just end that semester and start over the next year right it made the academic decision to continue the classroom if if if they had made an academic decision had that been an academic decision even under Louisiana courts they are still uh they're still bound by the contractual consequences of that decision just like the academic decision to downsize the Spanish program after Hurricane Katrina that was a good academic decision however the school is still on the hook to pay the employment contracts for those teachers um in in another uh case uh involving uh payment of a tutor uh the school made the decision that um that the uh that the tutoring sessions should end following a student's mental health evaluation that was an academic decision and it was made in good faith however the Louisiana court in loop held that the school is still on the hook contractually to pay for that tutor's employment contract how would you calculate damages if it's reversed and remanded if there are no comparable online cases compared to the to the in-person cases how do you well uh first uh uh despite my um uh despite uh opposing counsel's assertions to the contrary uh tooling did charge less for online classes we would use that as part of evidence and this is in the reply to the same courses uh as far as we can tell yes uh and if you look at page 10 it states there for instance that um certain classes in the um in the law certain law classes for the online law program those are charged much less um these are undergraduate students aren't they we have one undergraduate student and one business student not law not not a law student um the you don't do you have proof if we sent it back of these classes not a class but these particular classes that your clients were taking here here the record doesn't indicate uh however uh there is uh in in other similar cases and what we would do here is uh we would use the economist expertise that would look at the market for in-person classes and the market for online classes um and across the board generally speaking online classes cost significantly less than in-person classes um and then we can also use um other analyses like time to compare what in-person class post pandemic we we can also look at other words that you would all be showing up in a class while this pandemic is raging versus being able to do it online we should be looking at that difference uh we can also look at that as well uh we would be trying to um control for all of those types of variables i would also note that fascinating actually yes i i i think i think it would be and it's also key to note that in some schools they continue to offer in-person classes through the pandemic there are certain ways in which they could provide in-person components safely whether it's through physical distancing or masking requirements did that happen in louisiana the record indicates that no it did not happen at two lane i'm not in louisiana i i am not certain other online classes in april of 2020 at colleges um i i am not certain the record doesn't indicate i see my time is up yes thank you miss caroline your case and all of today's cases are under submission uh and the court is in recess until nine o'clock tomorrow